UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRED J. JACKSON | * | CIVIL ACTION NO. 25-127 |
| | * | |
| VERSUS | * | DIVISION: 1 |
| | * | |
| KRISTI NOEM, Secretary of the | * | MAGISTRATE JUDGE |
| Department of Homeland Security | * | JANIS VAN MEERVELD |
| | * | |
| | * | |
| ************************************ | * | |

ORDER AND REASONS

    This is an employment discrimination lawsuit. The defendant moves to dismiss plaintiff's complaint on the ground that plaintiff failed to exhaust administrative remedies because he did not timely initiate contact with the Equal Employment Opportunity ("EEO") counselor (Rec. Doc. 15). The Court notified the parties that the motion would be considered under the summary judgment standard and allowed the parties an opportunity for supplemental briefing and submission of evidence (Rec. Doc. 21). On the undisputed facts, the Court finds that plaintiff did not timely initiate contact with EEO and has not reasonably established that equitable tolling is warranted by the circumstances. Accordingly, defendant's Motion to Dismiss converted to a Motion for Summary Judgment (Rec. Doc. 15) is GRANTED; plaintiff's complaint is dismissed with prejudice.

Background

    Plaintiff Fred J. Jackson sought employment with the U.S. Department of Customs and Border Protection ("CBP") and received a tentative offer of employment. The offer was rescinded. He claims he experienced discrimination based on his race (Black/Asian (Korean)), his color (light brown/tan/caramel), his national origin (Korean ethnicity), and his age. Mr. Jackson filed this lawsuit against the Secretary of the Department of Homeland Security (the "Secretary") on January

1

15, 2025. The parties consented to proceed before the undersigned magistrate judge under 28 U.S.C. § 636(c).

Of relevance to the present issue, Mr. Jackson was notified that the offer of employment was being rescinded by an email sent to him on October 7, 2021.[1] In his Complaint to the Department, Mr. Jackson represents that the date of the most recent discriminatory event was October 7, 2021, but that he first became aware of the alleged discrimination on October 20, 2021. Def.'s Ex. 1, Rec. Doc. 15-2, at 2. In opposition to the present motion, Mr. Jackson declares that he did not receive the email until approximately October 20, 2021. Jackson Decl., Rec. Doc. 22-2, at 1. The email did not include any statement disclosing applicable filing deadlines or appeal rights. Id. at 2. But Mr. Jackson discovered general information about the EEO complaint procedures through independent internet research. Id. He initiated informal counseling with the EEO on November 30, 2021. Def.'s Ex. 1, Rec. Doc. 15-2, at 2; Complaint, Rec. Doc. 1, at 5.

Mr. Jackson then filed a formal complaint with the Department of Homeland Security on March 1, 2022. Def.'s Ex. 1, Rec. Doc. 15-2, at 1. CBP accepted his claim concerning the rescinded job offer for investigation. Rec. Doc. 27-1. On September 27, 2024, the Administrative Judge issued an Order of Judgment in favor of the Department, finding that the record was completely devoid of evidence establishing that Mr. Jackson was the victim of discrimination and, in the alternative, that his claim was not actionable because he failed to initiate contact with the EEO Counselor within 45 days as required by law. Rec. Doc. 15-5. The Department fully implemented the decision on October 18, 2024. Rec. Doc. 1-2.

---

[1] In addition to copies of the email itself, Def.'s Ex. 2, Rec. Doc. 15-3; Def.'s Ex. 3, Rec. Doc. 15-4, the Secretary also cites Mr. Jackson's Individual Complaint of Employment Discrimination to the Department of Homeland Security, which is part of the Report of Investigation completed by the Department. Def.'s Ex. 1, Rec. Doc. 15-2. No evidence calls the date of sending into question.

In the present motion, the Secretary asks this Court to dismiss Mr. Jackson's lawsuit for failure to exhaust administrative remedies. The Secretary argues that Mr. Jackson has failed to exhaust his administrative remedies because he did not initiate contact with the EEO Counselor until 54 days after the October 7, 2021, email notifying him that the tentative job offer had been rescinded. Mr. Jackson contends that he satisfied the 45-day deadline because he did not receive or become aware of the discriminatory action until "roughly" October 20, 2021, or, alternatively, the deadline should be tolled because of his lack of familiarity with the EEO process and his good faith efforts to comply. He also argues that because the Department accepted his complaint for investigation it should not now be able to argue that his complaint was untimely.

In his supplemental opposition, he also argues that he was not provided with adequate notice of the 45-day deadline. He presents his sworn declaration that he did not receive the email until approximately October 20, 2021, and that he was not informed by the Secretary of any time limits or deadlines applicable to the administrative process. Rec. Doc. 22-2, at 1.

Law and Analysis

1. *Applicable Law*

    a. *Standard on Summary Judgment*

Summary Judgment under Federal Rule of Civil Procedure 56 must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat. Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to

defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[I]n evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party." Qader v. Fed. Emergency Mgmt. Agency, 543 F. Supp. 2d 558, 561 (E.D. La. 2008).

    *b. Exhaustion of Administrative Remedies*

"Before a federal civil servant can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies." Green v. Brennan, 578 U.S. 547, 552 (2016). This means that, among other things, the federal employee "[m]ust consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a); see Green, 578 U.S. at 552. And importantly for the present case, the employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1)."Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling." Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992).

"Equitable tolling applies only in 'rare and exceptional circumstances.'" Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Courts have granted equitable tolling where "the plaintiff has been actively mislead about the cause of action or is prevented in some extraordinary way from asserting his rights." Id. (quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)). Additionally, the Equal Employment Opportunity Commission regulations require that the Commission must extend the 45-day deadline "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been

[sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2). Thus, as the government appears to concede, Rec. Doc. 15-1, at 5, the court may equitably toll the 45-day deadline for these reasons. See Rodriguez v. Duffy, No. 24-40635, 2025 WL 1218348, at *2 (5th Cir. Apr. 28, 2025); see also Teemac, 298 F.3d at 457.

Notably, 29 C.F.R. § 1614.105 departs from the generally applicable limits on equitable tolling, where delay is typically not excused due to a claimant's ignorance of the law or illiteracy. Teemac, 298 F.3d at 457. Instead, the regulations allow consideration of the "employee's knowledge of the informal counseling requirement." Id. The Fifth Circuit cautions, though, that the regulation "mandates tolling only where the employee lacks actual and constructive notice of the informal complaint requirement." Id. The Teemac court would not toll the time limit because of the plaintiff's lack of English fluency. Id. at 458. As always, "the party who invokes equitable tolling bears the burden of proof." Id. at 457; see Wilson v. West, 962 F. Supp. 939, 944 (S.D. Miss. 1997). And, diligence remains a requirement for any party invoking equitable principles. Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 882 (5th Cir. 1991); see Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

Thus, the standard for equitable tolling remains stringent. In Miller v. Potter, the Fifth Circuit held plaintiff was not entitled to equitable tolling because although she argued the government employer "intentionally concealed the facts supporting her claim," there was "no indication" of any affirmative acts misleading the employee. 359 F. App'x 535, 537 (5th Cir. 2010). And in Vidal v. Chertoff, the Fifth Circuit held the plaintiff was not entitled to equitable tolling

5

although he showed the federal employer had posted obsolete contact information for the EEO counselor because he had completed EEO Complaint Process training and he admitted he did not begin to identify the EEO counselor until after the 45-day period. 293 F. App'x 325, 329–30 (5th Cir. 2008).

Where the complainant was never employed by the defendant (such that posters in the workplace might provide notice of an employee's rights), information available on the internet may be sufficient to preclude equitable tolling. In Cho v. Chao, the court held that plaintiff's "conclusory statement" that the agency had failed to notify him of his remedies did not amount "to the sort of actively misleading behavior required to invoke the doctrine of equitable tolling" and held further that plaintiff had failed to demonstrate reasonable diligence because "[a] simple search on the internet, or a visit to the [EEOC's] website, would have informed Plaintiff of his obligation to exhaust administrative remedies before filing a discrimination action." No. CV 16-2793 (CCC-JBC), 2018 WL 1087499, at *3 (D.N.J. Feb. 28, 2018) (quoting defendant's motion) (alteration in original).

There also appears to be no support for the argument that the 45-day period does not begin to run until complainant opens and reads the notice. For example, in Robertson v. Potter, plaintiff claimed he did not receive notice of his termination from his federal employer. No. 3:10-CV-1424-N BF, 2011 WL 3511017, at *4 (N.D. Tex. June 20, 2011), report and recommendation adopted, No. 3:10-CV-1424-N BF, 2011 WL 3510734 (N.D. Tex. Aug. 9, 2011). But there was evidence that he had actual knowledge of the employment action "when almost 30 days of the 45–day period remained during which he could have fulfilled the requirement to contact an EEO Counselor." Id. Thus, the court found plaintiff had failed to satisfy "his burden of justifying the application of equitable tolling based on a claim of lack of notification of the personnel action." Id. Similarly, a

court in the Western District of Louisiana held that the 90-day limitations period for filing suit began on the date plaintiff received the email with notice from the EEOC and was not extended even though he claimed the email had been sent to his spam folder. Boyd v. Monroe City Hall, No. 3:20-CV-01473, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021), report and recommendation adopted, No. 3:20-CV-01473, 2021 WL 1299204 (W.D. La. Apr. 7, 2021). The court found he was not entitled to an equitable extension because he had "discovered the email in his spam folder nearly two months before the ninety-day deadline" and therefore "had plenty of time after discovering the email in his spam folder to timely file suit within the ninety-day period." Id.; see Irwin, 498 U.S. at 96 (declining to excuse plaintiff's failure to timely file suit even though plaintiff's lawyer "was absent from his office at the time that the EEOC notice [of right to sue] was received").

    c.  *Waiver of the Exhaustion Requirement*

Where the agency accepts an employment discrimination complaint and makes a finding of discrimination, the agency "waives its objection to the complainant's failure to comply with the prescribed time delays." Oaxaca v. Roscoe, 641 F.2d 386, 388 (5th Cir. 1981); see Huntley v. Dep't of Health, Ed. & Welfare, 550 F.2d 290, 295 (5th Cir. 1977). But "[m]erely accepting and investigating a tardy complaint" does not "automatically" result in waiver. Oaxaca, 641 F.2d at 390. "In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely." Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992). The Fifth Circuit has described this as a "bright-line rule" that applies to both actions by the Equal Employment Opportunity Commission and actions by a federal employer. Katz v. Wormuth, No. 22-30756, 2023 WL 7001391, at *6 (5th Cir. Oct. 24, 2023).

2. *Analysis*

    a. *Waiver*

Mr. Jackson argues that defendant waived its timeliness objection by accepting his complaint for investigation. The Administrative Judge ultimately considered the merits of Mr. Jackson's claims, finding no evidence that he was the victim of discrimination. Alternatively, though, the Administrative Judge found his claim was untimely because he failed to initiate contact with the EEO Counselor within 45 days. Although CBP accepted his complaint for investigation, this is not the standard for finding waiver. See Oaxaca, 641 F.2d at 390. There must be a finding of discrimination or an explicit finding of timeliness. See id.; Rowe, 967 F.2d at 191. That did not occur here. To the contrary, the agency found no discrimination and explicitly found Mr. Jackson had not timely contacted the EEO Counselor. Because there was no finding of timeliness or discrimination by the agency, the agency has not waived its timeliness objection.

    b. *Exhaustion and Equitable Tolling*

CBP issued an email to Mr. Jackson on October 7, 2021, notifying him that his tentative offer of employment was being withdrawn. This notice is the alleged discriminatory act. Mr. Jackson did not initiate contact with an EEO counselor until 54 days later on November 30, 2021. It is therefore undisputed that Mr. Jackson did not contact the EEO counselor within 45 days of the notice as required to exhaust administrative remedies.

Mr. Jackson argues that the 45-day time limit should be tolled because he did not actually receive the email until approximately October 20, 2021, and because he was never notified of the 45-day period for notifying an EEO counselor by the CBP. The Court finds that these circumstances do not justify equitable tolling.

Mr. Jackson admits he received notice that the tentative job offer had been withdrawn on or around October 20, 2021. On that date, he still had 32 days to timely contact an EEO counselor. This was more than enough time to do so and the delay in opening the email does not qualify as one of the rare circumstances that could justify equitable tolling.

As to whether Mr. Jackson had actual or constructive notice that he had 45 days to contact an EEO counselor, the government contends that the job application included a hyperlink to the EEO policy. Rec. Doc. 27-2, at 13. Mr. Jackson does not refute that there was a hyperlink as shown in the government's exhibit, Rec. Doc. 27-2, or that the hyperlink led to the EEO policy. The government further points out that "a Google search for 'how to sue a federal government agency for employment discrimination' results in several links that include the 45-day deadline for contacting an EEO counselor." Rec. Doc. 27, at 3. And Mr. Jackson himself admits that he discovered information about EEO complaint procedures by searching on the internet. Jackson Decl., Rec. Doc. 22-2, 2. The only reasonable conclusion is that Mr. Jackson had actual or constructive notice of the 45-day deadline. Thus, the CBP's purported failure to notify him of the 45-day deadline to contact an EEO officer could not justify equitable tolling.

Mr. Jackson bears the burden to establish that he is entitled to equitable tolling. It is undisputed that he had over 30 days from the day he became aware the job offer was rescinded before the deadline to contact an EEO counselor expired. And the undisputed facts show that Mr. Jackson had actual or constructive notice of the time limit. On these facts, the Court finds he could not reasonably establish that he is entitled to equitable tolling.

## Conclusion

Because Mr. Jackson failed to contact the EEO counselor within 45 days of the date the employment offer was rescinded and because he has not presented evidence that could establish

9

he is entitled to equitable tolling, Mr. Jackson has failed to exhaust his administrative remedies. Accordingly, the Secretary's Motion to Dismiss converted to a Motion for Summary Judgment (Rec. Doc. 15) is GRANTED: Mr. Jackson's complaint is dismissed with prejudice.

New Orleans, Louisiana, this 8th day of January, 2026.

_____
Janis van Meerveld
United States Magistrate Judge